**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Samuel L. Setters, Jr., and Candice Cook, Defendants,

Of whom Samuel L. Setters, Jr., is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2017-000478

---

Appeal From Aiken County
Dale Moore Gable, Family Court Judge

---

Unpublished Opinion No. 2017-UP-352
Submitted August 4, 2017 – Filed August 31, 2017

---

**AFFIRMED**

---

Melinda Inman Butler, of The Butler Law Firm, of Union, for Appellant.

Susanna M. Ringler, of the South Carolina Department of Social Services, of Aiken, for Respondent.

Amy Patterson Shumpert, of Nance, McCants & Massey, of Aiken, for the Guardian ad Litem.

---

**PER CURIAM:**  Samuel L. Setters, Jr., appeals a family court's order finding he sexually abused one of his minor children; placing custody of his minor children with their mother, Candice Cook; ordering Setters and Cook to complete placement plans; and granting Setters overnight visitation with four of his minor children.  Counsel for Setters filed an affidavit pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987), stating she reviewed the hearing transcript and believed the appeal lacked merit.  After a thorough review of the record and the family court's findings of facts and conclusions of law pursuant to *Cauthen*, we affirm the family court's ruling and relieve Setters's counsel.[1]

**AFFIRMED.**[2]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] After review, this court was initially concerned that the family court granted Setters overnight visitation despite finding he sexually abused one of his minor children.  However, the family court subsequently issued an order on June 15, 2017, altering that visitation to provide the overnight visitation would be supervised.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.